FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2012 JAN 25 AM 11: 26

DUBLIN DIVISION

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| ALFREDO ROMERO GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-089 |
| ) | |
| FNU KNOX, G.P. Counselor, and FNU ) | |
| STANLEY, G.P. Counselor, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, has brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

*Liberally* construing Plaintiff's complaint, the Court finds that Plaintiff names the following Defendants: (1) Ms. Knox, a grievance counselor at WCF; and (2) Ms. Stanley, who is also a grievance counselor at WCF. (Doc. no. 1, pp. 1-2.)

Plaintiff alleges that on September 2, 2011, Defendants Knox and Stanley "refuse[d]

---

[1] Plaintiff initially brought this case in the Middle District of Georgia. The case was later transferred to this Court because Plaintiff's allegations arise out of his confinement at WCF, which is located in this District. (Doc. no. 5.)

to take a grievance" that he had against the staff at WCF. (Id. at 3.) According to Plaintiff, the substance of this grievance[2] concerned allegations that WCF staff violate his First Amendment rights by serving meat with every meal despite Plaintiff's refusal to eat meat for religious reasons; he further explains that this has caused him to lose weight rapidly. (Id.) Plaintiff also alleges that "another grievance was filed on counselors for violation of the [Prison Litigation Reform Act ("PLRA")] and state and stand[a]rd operating procedure." (Id.)

## II. DISCUSSION

### A. Failure to State a Claim Regarding Grievance Procedure

Plaintiff's claim that Defendants Knox and Stanley refused to accept his grievance fails to state a claim upon which relief can be granted. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding Defendants Knox and Stanley's refusal to accept his grievance fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process

---

[2]Although Plaintiff states that he enclosed a copy of the grievance that Defendants Knox and Stanley refused to accept as "Exhibit 1" of his complaint (doc. no. 1, p. 3), there were no exhibits included with the documents Plaintiff submitted for filing.

2

plaintiff's grievances is not actionable under § 1983). Therefore, Plaintiff's claim concerning Defendants' alleged refusal to accept his grievance fails to state a claim upon which relief may be granted and should be dismissed.

### B. Failure to State a Claim Regarding Religious Diet

To the extent Plaintiff alleges that Defendants Knox and Stanley violated his First Amendment rights by depriving him of his religious diet, he has failed to state a claim for relief against them because he does not explain how either Defendant participated in depriving him of his religious diet. However, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between a particular named Defendant with the alleged unconstitutional deprivations, Plaintiff fails to state a claim for relief regarding his claim that Defendants violated his First Amendment right to follow a religious diet.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that his case be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE